MilligAN, J.,
delivered the opinion of the court:
This is a claim for thirteen bales of cotton, alleged to have been seized by John W. Carlin, as agent of the Treasury Department of the United States, in ÍPanola County, Texas, and *509 transported to New Orleans, tbence to New York, and tliere' sold, and the proceeds paid into the Treasury.
The suit was originally brought by Albert Johnson, now dead, who claimed title to the cotton when it was seized, but afterward, as he avers in his petition, sold and transferred all' his interest in the claim to Martin Tally, of Shreveport, in-Louisiana, who “ is now the sole owner of the said claim.”
On the 25th of December, 1865, Nancy M. Johnson, the-widow of the said Albert Johnson, deceased, qualified as his executrix, and took upon herself the execution of the trusts, imposed bjT her late husband in his will. Some time afterward Nancy M. Johnson intermarried with one Franklin Pullen, who,, together with his wife, as the executrix other former husband’s will, on the 7th of December, -1871, filed an additional on-amended petition, in which it is averred that this suit is prosecuted for the sole use and benefit of Martin Tally.
In this petition, as in the original, it is stated that after the-seizure of the cotton, Johnson, being unable from feeble health to persevere in his efforts to reclaim his cotton, sold and transferred all his right and interest in the claim to Tally, and-therefore this suit is prosecuted for his use. This petition is--, verified by the executrix in person.
It is satisfactorily proven that Albert Johnson, in his lifetime, was the owner of thirteen bales of cotton which were seized in Panola Oouuty, Texas, by an agent of the United States Treasury Department, transported to Sew Orleans, and then turned over to A. II. Burbridge, superintendent, special agent of the Treasury. At New Orleans the thirteen bales, were compressed into nine bales, and afterward, with other-cottons, shipped to New York, and there turned over to Simeon Draper, who sold the same and paid the proceeds into the-Treasury.
The nine bales aforesaid were sold in a lot of seventy bales,, which, after deducting all proper expenses and charges, only averaged $46.88£ per bale, making the net proceeds $421.96.
Johnson, the original owner of the cotton, proves that during-his life he bore true allegiance to the Government, and gave no aid or comfort to the rebellion.
This is an action prosecuted in the name of the personal representative of the assignor of the claim, for the use of the assignee. The petition of the executrix couples the assignor- *510 ■directly with the transfer, and brings the case nailer the rule of this court, announced in SilverhilVs Case, (5 C. 01s. E., 610.)
In that case the court say: “ By the decision in Gate’s Case,. (3 C.Cls. E., j). 64,) it was'determined that these captured-property cases came within the prohibition of the Act 26iA February, 1863, (10 Stat. L., p. 17,) forbidding transfers and assignments ■of claims against the United States. But it was earlier determined that the court could save the equitable interests of an .assignee by allowing the suit to be brought in the name of the .assignor, the recovery to'be by the latter to the use of the former. Jacleson’s Case, (1 0. 01s. E., 260.) Nevertheless, it is necessary to connect the assignor with the case. His authority or recognition may be shown by the assignor himself verifying the petition, or by the warrant of attorney required by Eule 11, or by proving the transfer.” The assignor is directly connected with this case by the verification of the petition, and we have no doubt of the regularity and justice of the transfer.
The case in all other respects is fully made out, and we direct judgment for $421.96 to be entered in favor of Nancy M. Pullen, executrix of Albert Johnson, deceased, and Franklin Pullen, for the use of Martin Tally, assignee.